PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| NATHANIEL DUMAS, | ) | |
| | ) | CASE NO.  4:16CV1705 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| JUDGE SHIRLEY J. CHRISTIAN, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendants. | ) | **AND ORDER** |

On July 1, 2016, *Pro Se* Plaintiff Nathaniel Dumas, an inmate at the Ross Correctional Institution, filed this civil rights action against Mahoning County Common Pleas Judge Shirley J. Christian and Mahoning County.  The Complaint (ECF No. 1) consists mainly of broad legal assertions that Defendants committed criminal civil rights violations against Plaintiff.  Insofar as facts are set forth, Plaintiff  alleges Judge Christian "falsified the judgment entry" by denying a post-judgment motion in his case.  ECF No. 1 at PageID #: 4.  Plaintiff also appears to allege that Judge Christian was an investigator in a claim against Plaintiff's former counsel, but never did anything with regard to the investigation.  ECF No. 1 at PageID #: 5-6.  Finally, Plaintiff alleges Mahoning County is liable for "hiring" Judge Christian.  ECF No. 1 at PageID #: 2.  For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if

(4:16CV1705)

the plaintiff seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §

1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000).

      Principles requiring generous construction of *pro se* pleadings are not without limits.

*Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985).  A complaint must contain

either direct or inferential allegations respecting all the material elements of some viable legal

theory to satisfy federal notice pleading requirements.  *See Schied v. Fanny Farmer Candy*

*Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988).  District courts are not required to conjure up

questions never squarely presented to them or to construct full blown claims from sentence

fragments.  *Beaudette*, 775 F.2d at 1278.  To do so would "require . . . [the courts] to explore

exhaustively all potential claims of a *pro se* plaintiff, . . . [and] would . . .transform the district

court from its legitimate advisory role to the improper role of an advocate seeking out the

strongest arguments and most successful strategies for a party."  *Id.*

      Judicial officers are generally absolutely immune from suits for money damages.  *Mireles*

*v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997).  This

far-reaching protection is needed to ensure that the independent and impartial exercise of

judgment is not impaired by the exposure to potential damages.  *Barnes*, 105 F.3d at 1115.  For

this reason, absolute immunity is overcome only in two situations:  (1) when the conduct alleged

is not performed in the judge's judicial capacity; or (2) when the conduct alleged, although

judicial in nature, is taken in complete absence of all jurisdiction.  *Mireles*, 502 U.S. at 11-12;

*Barnes*, 105 F.3d at 1116.  Plaintiff alleges no facts suggesting either of these criteria has been

met in this case.

(4:16CV1705)

Furthermore, to the extent he seeks to bring a criminal action, Plaintiff lacks standing to do so.  *See Keenan v. McGrath*, 328 F.2d 610, 611 (1st Cir. 1964); *Bass Angler Sportsman Soc'y v. U.S. Steel Corp.*, 324 F.Supp. 412, 415 (S.D.Ala.), *aff'd*, 447 F.2d 1304 (5th Cir.1971); *see also Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (only the United States can bring complaint under 18 U.S.C. §§ 241-242).  Such cases are initiated only by the United States Attorney.  28 U.S.C. § 547; Fed. R. Crim. P. 7(c).

Finally, even liberally construed, the Complaint (ECF No. 1) does not contain allegations reasonably suggesting Plaintiff might have a valid federal claim against Mahoning County.  *See, e.g.*, *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).

Accordingly, this action is dismissed under § 1915A.  Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.


IT IS SO ORDERED.


  August 31, 2016                                    /s/ Benita Y. Pearson           
Date                                         Benita Y. Pearson
                                           United States District Judge

3